**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS DAVID WARREN, | No. 20-35053 |
| Plaintiff-Appellant, | D.C. No. 6:18-cv-00329-YY |
| v. | |
| OLE HANSEN; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LANE COUNTY SHERIFF'S OFFICE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding[**]

Submitted October 12, 2021[***]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Travis David Warren appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Battle because Warren failed to raise a genuine dispute of material fact as to whether Battle's conduct in the course of treating Warren's elbow pain was objectively unreasonable. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth elements of a pretrial detainee's inadequate medical care claim under the Fourteenth Amendment).

The district court properly granted summary judgment for defendants Hansen and Gulick because Warren failed to raise a triable dispute as to whether these defendants were deliberately indifferent in the treatment of his elbow pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Warren's motions

2                                                                                    20-35053

for appointment of an expert because such appointment was not necessary for the court to make its determination. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review for appointment of an expert under Federal Rule of Evidence 706).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Warren's motion for telephone hearing (Docket Entry No. 7) is denied.

**AFFIRMED.**